BRIDGES, J.,
for the Court:
¶ 1. Mark Ray appeals the denial of his motion for post-conviction relief. We reverse and remand, finding one of his arguments to have merit.
FACTS
¶ 2. Ray plead guilty to credit card fraud on May 14, 1996. The Lowndes County Circuit Court sentenced Ray to three years suspended, supervised probation, and ordered him to make restitution.
Ray was subsequently convicted of the crime of robbery in Monroe County on September 20, 1996, for which he received three years.
¶ 3. On May 27, 1997, the Circuit Court of Lowndes County gave notice to Ray of a hearing on the revocation of his suspended sentence. After receiving evidence and hearing argument, the lower court revoked Ray’s suspended sentence for credit card fraud and ordered that he serve three years with credit for time served.
LEGAL ANALYSIS
¶ 4. Ray argues, among other issues, that he cannot have his probation revoked for a crime that he committed before the Lowndes County Circuit Court imposed the probation upon him.
¶ 5. On May 14, 1996, Ray plead guilty to credit card fraud. On September 20, 1996, Ray was convicted of robbery. Ray committed the crime of robbery on October 21, 1995. Therefore, he had committed the crime of robbery before being placed on probation for credit card fraud.
¶ 6. The Lowndes County Circuit Court judge applied the law that controlled at the time he revoked Ray’s probation and later dismissed Ray’s motion for post-conviction relief. In the judge’s order revoking probation, the judge found “that the time of the actual occurrence of these charges (the robbery charge in Monroe County and the Credit Card Fraud in Lowndes County) is of no consequence. Berdin v. State, 648 So.2d 73 (Miss.1994).” The court held that even if Ray’s robbery was committed before the court imposed the condition of probation for credit card fraud, the subsequent conviction of robbery was a violation of the conditions of probation.
*1274 ¶ 7. The law in Mississippi has recently changed. Mississippi jurisprudence now holds that a probationer cannot “have his probation and suspended sentence revoked for violation of a condition which did not exist, and specifically for something he had already done at the time the probation and suspended sentence were handed down.” Smith v. State, 742 So.2d 1146(¶ 11) (Miss.1999). The Smith decision expressly overruled Berdin to the extent that it held that probation and/or a suspended sentence may be revoked for conduct which had occurred before the imposition of probation and/or suspended sentence. Id.
¶ 8. The Smith holding directly applies to the facts in Ray’s case. Ray had already committed the act of robbery before pleading guilty to credit card fraud. Due to the change in law after the time the Lowndes County Circuit Court entered the order of revocation and dismissal of Ray’s post-conviction relief motion, we reverse and remand to the Lowndes County Circuit Court for imposition of the original sentence in Ray’s guilty plea of credit card fraud.
¶ 9. THE JUDGMENT OF THE LOWNDES COUNTY CIRCUIT COURT OF DENIAL OF POST-CONVICTION RELIEF IS REVERSED AND REMANDED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.