Samuel Lee BELL

v.

The STATE of Texas.

No. 12–81–0006–CR.

Court of Appeals of Texas, Tyler.

Aug. 20, 1982.

Petition for Discretionary Review Filed Sept. 24, 1982.

Writ Granted Nov. 3, 1982.

Mandate Issued Sept. 6, 1983.

William R. Pemberton, Sallas, Meriwether & Pemberton, Crockett, for appellant.

Melvin D. Whitaker, Palestine, for appellee.

RAMEY, Justice.

This is an appeal from an order revoking appellant's probation. Appellant was placed on probation after he pleaded guilty to burglary of a habitation. We initially note that this case is controlled by our holding in *Tillis v. State*, 655 S.W.2d 259 (Tex.App.—Tyler 1983).

On August 10, 1978, the trial court entered an "Order Granting Probation." Four of the conditions of probation were as follows: (1) appellant shall report to the Probation Officer in either Bossier City, Louisiana or Houston County, Texas, between the first and tenth days of each month; (2) appellant shall work faithfully at suitable employment in Bossier City, Louisiana; (3) appellant shall keep the Probation Officer advised of his residential address at all times; and, (4) appellant shall pay $10.00 per month to the Adult Probation Office of Houston County as a probation supervision fee.

The trial court did not enter judgment on August 10, 1978, but the docket sheet entry of that date reflects in part, "Judgment guilty, penalty, recommendation of the State ten (10) years, probated."

On November 25, 1980, a judgment was signed, entered, and filed. This judgment was dated August 10, 1978, the date of the "Order Granting Probation." The judgment reads as follows:

On this day the above cause came on for trial and came Hon. District Attorney, representing the State and also the Defendant Samuel Bell both in person and by Attorney, Hon. Bill Pemberton and announced ready for trial before the Court without a jury, and the said district Attorney read the indictment herein, and the Defendant entered his plea of guilty thereto, and having in person and through and by his said attorney waived the intervention of a jury, and counsel representing the State having agreed to said waiver of a jury, and the Cout having agreed to same, and it appearing to the Court that the Defendant is sane and is not influenced by any consideration of fear or by any persuasion or delusive hope of pardon prompting him to confess his guilt, and the Court having duly admonished the Defendant as to the consequences of such plea, yet the Defendant persisted in entering his said plea of guilty, and said plea was duly accepted by the Court.

And the Court after hearing the evidence and argument of counsel, is of the opinion and finds that the Defendant is guilty of the offense as charged.

IT IS THEREFORE CONSIDERED, ORDERED, ADJUDGED and DECREED by the Court that said Defendant is guilty of the offense of Burglary/Habitation as charged in the indictment, and

that he be confined in the Texas Department of Corrections for ten (10) years, and that the State of Texas do have and recover of the said Defendant all costs in this prosecution expended, for which let execution issue.

/s/ JACK H. HOLLAND
Judge Presiding

On October 2, 1980, the State filed a motion to revoke appellant's probation. This motion alleged the following probation violations: (1) appellant violated the provisions of section 147–37 of the City Code of the City of Bossier City, Louisiana, on or about the 16th day of May, 1980, by committing the crime of petty theft by shoplifting; (2) appellant failed to report to the Bossier City, Louisiana Probation Officer between the first and tenth days of each month for the months of January, March, April, May, and August of 1980; (3) appellant did not work faithfully at suitable employment at Industrial Steel Products, in Shreveport, Louisiana, by being fired due to stealing paper supplies from the company; (4) appellant failed to keep the Bossier City, Louisiana Probation Officer advised of his residence at all times; (5) appellant did not pay the sum of $10.00 per month between the first and tenth days of each month as a probation supervision fee for the months of March, April, May, June, July, August, and September of 1980.

Appellant moved to quash the motion to revoke probation. At the hearing on the motion to revoke, appellant pleaded "not true" to all alleged violations.

The State presented the testimony of the Houston County Adult Probation Officer, Clyde Machen, at the hearing on the motion to revoke. Machen testified that he explained to Bell the terms and conditions of his probation; that Bell's probation proceedings were transferred to Bossier City, Louisiana; and that Bell did not pay a $10.00 adult probation supervision fee in March, April, May, June, July, August, and September of 1980.

Paul Michael Seale, a supervisor of felony probationers for the State of Louisiana Department of Corrections, Division of Proba-

tion and Parole, testified he began supervising Bell in August of 1978. Seale stated Bell did not report to the Probation Office in Bossier City, Louisiana, in January, April, and May of 1980; and that he reported late in March and August of 1980. Seale testified, over objection, that Bell told him he was fired from his job at Industrial Steel Products for stealing paper supplies. Seale also stated that Bell changed residences sometime prior to July 1980 without permission, and that he paid no probation supervision fees in March, April, May, June, July, August, and September 1980. Seale's testimony also recounted that Bell told him he had taken some items from a K-Mart in Bossier City, Louisiana, without paying for them and had pleaded guilty to a charge of shoplifting.

The trial court overruled the motion to quash and revoked appellant's probation based upon his failure to report to either of the Probation Officers, his failure to pay adult probation supervision fees, his failure to work faithfully at suitable employment, and his failure to keep the Probation Officer advised of his residential address.

Appellant's first ground of error is that the trial court erred in revoking his probation because he was not placed on probation until November 25, 1980, and all alleged probation violations occurred before that date. Appellant argues that the "Order Granting Probation" is not, and does not purport to be, a judgment, and that the judgment was not entered until November 25, 1980. Thus, appellant argues that he was not placed on probation until November 25, 1980, the date of judgment. Since probation cannot be revoked upon the basis of an offense committed prior to appellant's being placed on probation, and since all alleged probation violations occurred prior to November 25, 1980, appellant's position is that these alleged violations may not be used to revoke his probation. We sustain this ground of error.

The State's position is that although the judgment was not formally entered in writing until November 25, 1980, the docket entry of August 10, 1978, the "Order Grant-

ing Probation," and the formal entry of judgment, suffice to render the judgment effective as of August 10, 1978. It argues that under art. 42.06, Tex.Code Crim.Proc. Ann. (Vernon 1979), the trial court's formal entry of judgment on November 25, 1980, is, in effect, a judgment nunc pro tunc. We do not agree.

The November 25, 1980, instrument is not labeled, and does not purport to be, a judgment nunc pro tunc. It meets the requisites of art. 42.01,[1] and is, in our view, a judgment which was signed, entered, and filed on November 25, 1980.

The November 25, 1980, judgment is the instrument which placed appellant on probation. *Eastwood v. State,* 538 S.W.2d 107, 108 (Tex.Cr.App.1976). Since the probation violations for which appellant's probation was revoked occurred before the judgment was signed, entered, and filed, and since probation cannot be revoked upon the basis of a probation violation occurring before appellant was placed on probation, *Littlefield v. State,* 586 S.W.2d 534, 535 (Tex.Cr. App.1979), the trial court erred in revoking appellant's probation. In light of our disposition of appellant's first ground of error, it is unnecessary to reach his other grounds. We reverse the judgment and remand the cause with instructions that appellant's sentence be probated.

1. The version of art. 42.01, Tex.Code Crim. Proc.Ann. (Vernon 1979), in effect at all times relevant to this appeal, provides in part:

Section 1. A "judgment" is the declaration of the court entered of record, showing:
1. The title and number of the case;
2. That the case was called for trial and that the parties appeared;
3. The plea of the defendant;
4. The selection, impaneling and swearing of the jury;

5. The submission of the evidence;
6. That the jury was charged by the court;
7. The return of the verdict;
8. The verdict;
9. In the case of a conviction, that it is considered by the court that the defendant is adjudged to be guilty of the offense as found by the jury; or in case of acquittal, that the defendant be discharged;
10. That the defendant be punished as has been determined.