# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 97-CT-00753-SCT

*RICHARD SMITH a/k/a "BO HOG"*

*v.*

*STATE OF MISSISSIPPI*

## ON PETITION FOR WRIT OF CERTIORARI

09/09/99

| | |
|---|---|
| DATE OF JUDGMENT: | 05/20/97 |
| TRIAL JUDGE: | HON. LEE J. HOWARD |
| COURT FROM WHICH APPEALED: | LOWNDES COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JIM WAIDE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JO ANNE M. McLEOD |
| DISTRICT ATTORNEY: | FORREST ALLGOOD |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | REVERSED AND REMANDED - 8/19/1999 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**McRAE, JUSTICE, FOR THE COURT:**

¶1. This matter is before this Court on Richard Smith's appeal from the denial of post-conviction relief by the Lowndes County Circuit Court. The Court of Appeals affirmed the circuit court's denial of post-conviction relief. On grant of certiorari the question presented to this Court is whether Smith may have his probation and suspended sentence revoked for conduct which occurred before the guilty plea was accepted and resulting sentence handed down. Also in question is whether ***Berdin v. State***, 648 So.2d 73 (Miss. 1994), as relied on by the Court of Appeals in its decision, should

remain the law of this state. After consideration we reverse that the judgment of the Court of Appeals and we overrule **Berdin v. State**, 648 So.2d 73 (Miss. 1994), to the extent that it holds that probation and/or a suspended sentence may be revoked for conduct which had occurred before the imposition of that probation and/or suspended sentence.

## I.

¶2. On May 25, 1995, Richard Smith pled guilty in the Circuit Court of Lowndes County, Mississippi, to the crime of conspiracy to distribute cocaine, cause no. 94-556-CR1. The trial court sentenced Smith to a term of twenty years in the custody of the Mississippi Department of Corrections; however, the court suspended the sentence and placed Smith on probation for a period of five years. The court subjected Smith's probation and the suspension of his sentence to several conditions, including the following: "[The] Defendant **shall hereafter** commit no offense against the laws of this or any state of the United States."

¶3. On July 14, 1995, Smith entered a guilty plea in Clay County Circuit Court to a charge of sale of cocaine, cause no. 7205. Smith committed this offense in August 1994, nine months prior to entering his plea of guilty in Lowndes County for conspiracy to distribute cocaine. During his plea colloquy Smith admitted that he committed the offense and affirmatively answered the questions posed by the court.

¶4. After accepting Smith's second guilty plea, the trial court judge requested a sentencing recommendation from the State. The State suggested that Smith serve a term of three years in the MDOC based on his cooperation in another investigation. Additionally, the State advised the judge in the presence of Smith that a motion to revoke the defendant's probation would be filed in the Circuit Court of Lowndes County. Smith was sentenced to three years.

¶5. On August 24, 1995, the Circuit Court of Lowndes County conducted revocation proceedings. Smith's attorney stated that he would "confess the petition" and admitted that he had been convicted of a violation of the law in Clay County while he was on probation from his Lowndes County conviction. The circuit court revoked Smith's probation and suspended sentence and ordered Smith to serve twenty years for conspiracy to distribute cocaine.

¶6. On March 6, 1997, Smith filed his Petition for Post-Conviction Relief in Lowndes County, alleging that his probation and suspended sentence had been improperly revoked. Smith claimed that he had been deprived of his liberty interest without due process since the revocation was based on an event that had happened prior to the imposition of probation. He also asserted that his guilty plea was not voluntary

because he was not told that his probation and suspended sentence could be revoked due the second subsequent charge.

¶7. The circuit court reviewed the petition and the State's response, and, relying on this Court's decision in ***Berdin v. State***, 648 So.2d 73 (Miss. 1994), dismissed the petition without a hearing. Smith appealed.

¶8. The Court of Appeals, relying on ***Berdin v. State***, found that there was no due process violation in revocation of probation based on a crime that had occurred before the probation was levied. The Court of Appeals further found that Smith's guilty plea was not rendered involuntary by the circuit court's failure to inform him that a previous act for which he had not yet pled guilty could result in revocation of probation.

II.

¶9. In ***Berdin v. State***, 648 So.2d 73 (Miss. 1994), Berdin pled guilty to felony shoplifting, cause no. 22,311 and was sentenced to three years in prison, suspended, and probation. She subsequently was charged with grand larceny, cause no. 22,405, based on an act which occurred before her guilty plea in 22,311. After accepting her guilty plea in 22,405, the trial court found that she was on probation in 22,311. Berdin's probation was revoked, and her three-year sentence in 22,311 was reinstated. She also received a five-year sentence in 22,405, with four years suspended, to run consecutively to her earlier three-year sentence. ***Berdin***, 648 So.2d at 75. Berdin moved in the trial court to have her guilty plea in 22,405 withdrawn, which was denied. ***Id.*** at 76.

¶10. On appeal this Court found that there was lack of notice to Berdin as to how she had violated her probation and lack of hearing on the revocation. There was also confusion as to the reason for the revocation; while the trial court stated that it ultimately revoked the probation in 22,311 because of the guilty plea in 22,405, it appeared that a greater factor might have been Berdin's failure to pay court costs imposed in 22,311. This Court stated, as to whether a crime committed before a suspended sentence was imposed could serve as grounds for revocation of the suspended sentence, the following:

> Condition (a) of Berdin's probation Order stated that the suspension of her sentence was based on the condition that "[d]efendant shall hereafter commit no offense against the laws of this or any state of the United States, or of the United States." This language is derived from Mississippi Code Annotated § 47-7-35, which provides a non-exclusive list of items which a court may impose as

conditions of probation. However, Berdin actually committed the second offense on August 14, 1991 which was nearly three months before being given probation on November 4, 1991 for the first offense. The issue becomes whether she violated her probation conditions by pleading guilty to a crime committed before being put on probation. Berdin argues that she did not violate the express language of condition (a). However, committing an offense should be interpreted as analogous to being convicted or given one's due process after having allegedly committed the act. It should be remembered that a conviction is not necessary for the court to revoke probation. *Murphy v. Lawhon*, 213 Miss. 513, 517, 57 So.2d 154 (1952) (probation violation need not be proven beyond reasonable doubt). The trial judge may revoke probation "upon a showing that the defendant has more likely than not violated the terms thereof." *Wallace v. State*, 607 So.2d 1184, 1190 (Miss.1992). This result may have been the intent of the drafters of this condition. We find that Berdin violated condition (a) of her probation order by pleading guilty to charge 22,405. This basis for probation revocation would not, however, excuse the absence of the procedural due process requirements of *Morrissey*, *Gagnon*, and Mississippi Code Annotated § 47-7-37.

*Berdin*, 648 So.2d at 79. This Court found reversible error due to the revocation of probation in 22,311 without notice and a hearing. *Id.* at 80.

¶11. One cannot violate a condition of probation that does not exist. Entry of a guilty plea in July 1995 based on conduct committed in August 1994 does not amount to a violation of a condition in a May 1995 guilty plea to "hereafter commit no offense against the laws of this or any state of the United States." It follows that Richard Smith could not have his probation and suspended sentence revoked for violation of a condition which did not exist, and specifically for something he had already done at the time the probation and suspended sentence were handed down. We overrule *Berdin v. State*, 648 So.2d 73 (Miss. 1994), to the extent that it holds that probation and/or a suspended sentence may be revoked for conduct which had occurred before the imposition of that probation and/or suspended sentence. The judgment of the Court of Appeals is reversed, the judgment of the circuit court is reversed, the circuit court's order revoking Smith's probation and suspended sentence and sentencing Smith to twenty years for conspiracy to distribute cocaine is reversed, and this matter remanded to the Lowndes County Circuit Court for imposition of the original sentence in cause no. 94-556-CR1.

¶12. **REVERSED AND REMANDED.**

**SULLIVAN AND PITTMAN, P.JJ., BANKS, MILLS AND WALLER, JJ., CONCUR. SMITH, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY PRATHER, C.J., AND COBB, J.**

**SMITH, JUSTICE, DISSENTING:**

¶13. The majority opines that ***Berdin v. State*** should be overruled. The rationale is that a condition of probation cannot be violated due to an act that happened before the probation conditions exist. However, this rationale is inconsistent with established law. In ***Berdin***, this Court held that probation is violated by pleading guilty to a crime that was committed prior to being put on probation. Berdin's plea of guilty to grand larceny, after probation was imposed, was a violation of a probation condition, even though the larceny actually occurred prior to imposition of probation. This holding is consistent with other established case law from this state. *See **Berdin v. State***, 648 So.2d 73, 79 (Miss. 1994); ***Artis v. State***, 643 So.2d 533, 537 (Miss. 1994) (holding that at any time during period of probation, if upon hearing it is determined that probationer violated any specified conditions of probation, court has authority to revoke any part or all of probation or any part or all of suspended sentence as if decision to suspend sentence and place defendant on probation had never been made).

¶14. The Supreme Court of the United States held that conviction of a crime violates the terms of probation. ***Carchman v. Nash***, 473 U.S. 716 (1985). In ***Carchman***, the Court stated that a conviction "conclusively establishes [the] probation violation." *Id.* at 731.

¶15. Next, the majority suggests that Smith did not knowingly and intelligently plead guilty to the second offense. In contrast to this suggestion, the record reflects that Smith was given a list of conditions of his suspended sentence, which constitute proper notice of the conditions of his probation. One probation condition specifically stated that Smith not "violate the law. Don't break the laws of the State of Mississippi, the laws of any other state or the laws of the United States." Based on this excerpt, Smith was given fair warning of the conditions of his probation. Also, more importantly, Smith was fully aware that he had another drug charge pending in another county before a different circuit judge; however, neither Smith, nor his attorney, who represented him on both proceedings, mentioned that fact during this court proceeding.

¶16. There is language in the record that clearly suggests a plea bargain was reached by Smith, his attorney and the district attorney. The State recommended three years, and the Defendant agreed. This recommendation was made due to the fact that Smith had cooperated with the State in the successful prosecution of a previous investigation of armed robbery. The district attorney made reference to the fact that Smith was facing an immediate revocation of his sentence on probation back in Lowndes County. The

record shows, in pertinent part:

> BY MR. ALLGOOD:
>
> ". . . Additionally, your Honor, at the conclusion of these proceedings, over in Lowndes County there will be a revocation. This defendant is currently on probation and of course, he will be subject to the sentence on probation revocation also at that time."

Smith was present in the courtroom when the district attorney made this statement. Even if not previously aware of the conditions of his probation, both he and his attorney certainly heard the district attorney state that this conviction would be a violation of his probation. Then, Smith entered a waiver stating that he understood the 100 percent rule and that he waived any right to challenge the legality of his sentence. When asked, by the Court, "is [that] what you want to do?," Smith replied, "[y]es, sir."

¶17. I dissent to the majority opinion for the foregoing reasons. Established law dictates that a conviction of a crime violates probation. *Carchman v. Nash*, 473 U.S. 716 (1985) Also, it is a violation of probation to be subsequently convicted of a crime that occurred prior to the imposition of probation. *Berdin v. State*, 648 So.2d 73, 79 (Miss. 1994). Based on the record, Smith knowingly and intelligently pled guilty to both crimes. He was informed of his rights and knowingly agreed to the conditions. A valid plea bargain clearly existed in this case, and it was accepted by the trial court. For these reasons, Smith's revocation of probation should be upheld, and *Berdin* should not be overruled.

**PRATHER, C.J. AND COBB, J., JOIN THIS OPINION.**