### COMMONWEALTH OF PENNSYLVANIA, Appellee,

### v.

### Jose INFANTE, Appellant.

Superior Court of Pennsylvania.

Argued Oct. 28, 2003.

Filed May 11, 2004.

---

Peter Rosalsky, Philadelphia, for appellant.

Joan Weiner, Assistant District Attorney, for Commonwealth, appellee.

Before: DEL SOLE, P.J., HUDOCK and TODD, JJ.

OPINION BY DEL SOLE, P.J.:

¶ 1 Jose Infante appeals from his judgment of sentence. Upon review, we vacate Appellant's judgment of sentence.

¶ 2 On December 10, 1999, Appellant pled guilty to two informations charging drug offenses. Appellant was sentenced on the same date, in both cases, to one year intermediate punishment, followed by two years' probation, to run concurrently. Following a violation hearing, the trial court modified Appellant's intermediate punishment by imposing a 90–day period of house arrest on June 5, 2001.

¶ 3 Appellant was arrested on unrelated criminal charges for criminal conduct that occurred in June and July 2002. On October 29, 2002, the trial court conducted a violation hearing, as a result of Appellant having failed to report to his probation officer as directed and having failed to maintain employment. The trial court revoked Appellant's probation at this hearing, on the basis of the technical violations, and imposed a sentence of not less than eleven and a half, nor more than twenty-three months, to be followed by two years' reporting probation.

¶ 4 On November 26, 2002, Appellant was found guilty of robbery and lesser included offenses, of intimidating a witness/victim and of possessing an instrument of crime in connection with the criminal conduct that occurred in June and July 2002. While preparing for a hearing on Appellant's petition for parole, the trial court judge learned of the November convictions. At a hearing on January 27, 2003, the trial court revoked Appellant's probation and sentenced him to concurrent sentences of three to six years' imprisonment. Appellant filed this appeal.

¶ 5 On appeal, Appellant presents a single issue for our review: Whether the trial court erred in finding Appellant to be in direct violation of probation as a result of criminal behavior that occurred prior to imposition of that probation. Appellant's Brief at 3.

¶ 6 The scope of review in an appeal following a sentence imposed after probation revocation is limited to the valid-

ity of the revocation proceedings and the legality of the judgment of sentence. *Commonwealth v. Gheen,* 455 Pa.Super. 499, 688 A.2d 1206, 1207 (1997).

¶ 7 As noted, the probation imposed in 1999 was revoked at the October 29, 2002, hearing. At that hearing, the trial court imposed a sentence of eleven-and-a-half to twenty-three months incarceration, two years' consecutive probation, and other requirements not here relevant. The record indicates that at this October 2002 hearing, the trial court was aware of the open criminal charges based on criminal activity that occurred in June and July 2002, pending against Appellant. The trial court indicated to Appellant that it was imposing the new sentence at that time, but if it later learned that Appellant was convicted of the open criminal charges, the trial court would revoke Appellant's probation and re-sentence him to three to six years' imprisonment.

¶ 8 Despite the trial court's statement to Appellant, which the Commonwealth characterizes as a condition of Appellant's probation,[1] the fact remains that Appellant's probation imposed on October 29, 2002, was later revoked on January 27, 2003, based on Appellant's conviction of crimes that took place in June and July 2002. Accordingly, we must consider whether a conviction of crimes based on conduct occurring prior to imposition of probation may serve as a basis for revoking that probation.

¶ 9 In Pennsylvania, it is not required that an individual be convicted of subsequent crimes charged in order for probation to be revoked. Our Supreme Court has held that: "a probation violation

hearing may be conducted prior to a trial for the criminal charges based on the same activities." *Commonwealth v. Brown,* 503 Pa. 514, 469 A.2d 1371 (1983). Additionally, the Court noted:

> Nor is the revocation of probation and the imposition of a prison sentence restricted to a finding that a subsequent criminal act has been committed by the probationer during the term of the probation. A probation violation is established whenever it is shown that the conduct of the probationer indicates the probation has proven to have been an ineffective vehicle to accomplish rehabilitation and not sufficient to deter against future antisocial conduct.

*Brown,* 469 A.2d at 1375–1376 (citations omitted).

¶ 10 Thus, in the case *sub judice,* Appellant need not have been convicted of the crimes that took place in June and July 2002 in order for his probation to be revoked on that basis in October 2002.

¶ 11 The trial court, however, did not revoke Appellant's probation in October 2002 on the basis of the open criminal charges. In October 2002, the trial court revoked Appellant's probation on the basis of technical violations. It was in January 2003 that the trial court revoked Appellant's probation following his conviction of those crimes in November 2002. Thus, the question remains whether the trial court was permitted to revoke Appellant's probation that was imposed in October 2002, based on the conviction of criminal activity that took place prior to the imposition of that probation, specifically in June and July 2002.[2]

1. We cannot agree that the trial court's statement regarding subsequent conviction of the pending charges was a condition of probation that would preserve the legality of the trial court's decision to revoke probation if it was not otherwise permissible.

2. We note the difference between the situation here and one in which a sentence of

¶ 12 We have been unable to find any binding case law in Pennsylvania on this issue, and neither party has cited to any. Accordingly, it appears that this issue is a matter of first impression. In resolving this matter, we look to courts in other jurisdictions that have addressed this very issue.

¶ 13 The Supreme Court of North Dakota addressed this issue in *State v. Ballensky*, 586 N.W.2d 163 (N.D.1998). In that case, Ballensky pled guilty to negligent homicide and was sentenced to five years' probation in May 1997. *Ballensky*, 586 N.W.2d at 164. On September 24, 1997, nearly five months after being sentenced to probation, Ballensky again appeared in court and pled guilty to a disorderly conduct charge. *Id.* The disorderly conduct charge stemmed from an incident that occurred on January 6, 1997. *Id.* Five days after Ballensky pled guilty to the disorderly conduct charge, the State's attorney petitioned for revocation of his probation, arguing that by pleading guilty to the disorderly conduct charge on September 24, 1997, Ballensky violated the law during the period of his probation and therefore violated the terms of his probation. *Id.* The trial court found Ballensky to be in violation of his probation. *Id.*

¶ 14 The North Dakota Supreme Court reversed, however, determining that a violation occurs when the criminal conduct is committed. *Id.* at 165. Therefore, because Ballensky's disorderly conduct occurred nearly six months before the imposition of his sentence, he did not "violate any ... law or ordinance during the period of probation." *Id.* In concluding that a probationer does not violate his or her conditions of probation for conduct committed prior to the imposition of sentence to probation, the North Dakota Supreme Court reasoned that:

> Construing the terms of Ballensky's probation to include conduct committed prior to the sentence of probation would undermine one of the primary purposes of probation. We have recognized "the basic purpose of probation, namely [is] to provide an individualized program offering a young or unhardened offender an opportunity to rehabilitate himself without institutional confinement ...." As one commentator has stated, "a sentence to probation ... is in large part concerned with avoiding future crimes by helping the defendant learn to live productively in the community which he has offended against." The idea is that the probationer is put to the test. If the probationer complies with the conditions of probation, he avoids incarceration. In this instance, there was nothing Ballensky could have done after he was sentenced to probation on May 13, 1997, to change the course of events of January 6, 1997. We fail to see how revoking one's probation for conduct committed prior to being sentenced to probation serves its rehabilitative purpose.

*Id.* (citations omitted).

¶ 15 The Mississippi Supreme Court has also addressed this issue. In *Smith v. State*, 742 So.2d 1146, (Miss.1999), Smith pled guilty to the crime of conspiracy to distribute cocaine in May 1995. *Smith*, 742 So.2d at 1147. He was sentenced to a

---

probation has been imposed, but the probationer has not begun to serve the probationary sentence. If a probationer's criminal conduct, even if committed prior to commencement of the probationary period, discloses that probation will not be in the best interests of the public or the defendant, a court may revoke or change the order of probation. The commission of a new crime violates an implied condition of probation and suggests that the defendant is a poor probation risk. *Commonwealth v. Miller*, 358 Pa.Super. 219, 516 A.2d 1263, 1265 (1986).

term of twenty years' imprisonment, but the court suspended the sentence and placed Smith on probation for a period of five years. *Id.* In July 1995, Smith pled guilty to a drug sale that had occurred in August 1994, which was approximately nine months prior to imposition of the May 1995 probationary sentence. *Id.* The Mississippi Supreme Court reversed the holding of the trial court that Smith had violated his probation on the basis of criminal activity. *Id.* at 1148. In reversing, the Mississippi Supreme Court reasoned:

> One cannot violate a condition of probation that does not exist. Entry of a guilty plea in July 1995 based on conduct committed in August 1994 does not amount to a violation of a condition in a May 1995 guilty plea to "hereafter commit no offense against the laws of this or any state of the United States." It follows that Richard Smith could not have his probation and suspended sentence revoked for violation of a condition which did not exist, and specifically for something he had already done at the time the probation and suspended sentence were handed down. We overrule *Berdin v. State,* 648 So.2d 73 (Miss. 1994), to the extent that it holds that probation and/or a suspended sentence may be revoked for conduct which had occurred before the imposition of that probation and/or suspended sentence.

*Id.*

¶ 16 The District Court of Appeals of Florida has also addressed this issue. In *Demchak v. State,* 351 So.2d 1053 (Fla. Dist.Ct.App.1977), in determining whether illegal conduct by Demchak could serve as the basis for revocation of probation, the Florida Court provided:

> A defendant's probation may be revoked solely on the basis of a conviction for a subsequent crime. However, the illegal activity giving rise to the conviction

must occur during the probationary period. Improper conduct occurring prior to entry of the probation order cannot be the basis for revocation even though the conviction resulting from such conduct occurs while the defendant is on probation.

*Demchak,* 351 So.2d at 1054 (citations omitted).

¶ 17 The appellate courts of Texas have also had opportunity to address this issue. In *Bell v. State,* 656 S.W.2d 502 (Tex.Ct. App.1982), the court concluded that Appellant's probation was improperly revoked. In so holding, the court stated:

> Since the probation violations for which appellant's probation was revoked occurred before the judgment was signed, entered, and filed, and since probation cannot be revoked upon the basis of a probation violation occurring before appellant was placed on probation, the trial court erred in revoking appellant's probation.

*Bell,* 656 S.W.2d at 505 (citation omitted).

¶ 18 We find the reasoning of these appellate courts to be instructive and persuasive. In addressing the rationale for probation, this Court has provided:

> ...the purpose of probation ... is to provide the opportunity for rehabilitation as well as to afford a sufficient deterrent against future antisocial conduct.

*Commonwealth v. Williams,* 254 Pa.Super. 202, 385 A.2d 979, 981 (1978). We agree with the North Dakota Supreme Court's reasoning that revoking probation for conduct committed prior to being sentenced to probation fails to serve its rehabilitative purpose. When an individual is placed on probation, it is done with the hope of rehabilitating that individual and giving them a chance to change their ways. When probation is imposed, an individual is given a

second chance, but is forewarned that future criminal conduct will result in revocation of that second chance. Because probation is intended to serve as a deterrent to future antisocial conduct, an individual's conduct is viewed prospectively. At the time probation is entered, an individual can do nothing to change the course of events that occurred prior to imposition of probation. Thus, the purpose of probation is not served by looking at conduct occurring prior to probation being imposed.

¶ 19 Furthermore, logic dictates that one cannot violate something that is not yet in existence. If criminal activity occurs prior to probation being in effect, there cannot be a violation of that probation because that probation did not yet exist. In the case *sub judice*, the probation imposed in October 2002 did not yet exist at the time of the commission of crimes in June and July 2002. It was the October 2002 probation that was revoked in January 2003 on the basis of the criminal activity occurring in June and July 2002.

¶ 20 We note that this case is unique in that Appellant was placed on probation in 1999, and then committed crimes (in June and July of 2002) resulting in the November 2002 convictions. Had the trial court held a revocation hearing based on those pending criminal charges, and revoked probation after determining revocation was appropriate, we would not have been confronted with the present problem. Instead, however, the trial court revoked Appellant's probation due to technical violations in October 2002, and at that point imposed a new term of probation. It was the October 2002 imposed probation that was revoked in January 2003 on the basis of the criminal activity that occurred in June and July 2002. Consequently, we cannot find that Appellant's probation imposed in October 2002 can be revoked

based on criminal conduct that occurred prior to imposition of that probation.

¶ 21 Judgment of sentence vacated.