J-S79026-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DANIEL BOMBARO, | |
| Appellant | No. 692 EDA 2014 |

Appeal from the Judgment of Sentence of November 12, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0008071-2011

BEFORE:  ALLEN, OLSON and STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:                          **FILED JUNE 17, 2015**

Appellant, Daniel Bombaro, appeals from the judgment of sentence entered on November 12, 2013, following the revocation of probation and resentencing after conviction of a new crime.  On appeal, counsel filed an application to withdraw from representation pursuant to *Commonwealth v. McClendon*, 434 A.2d 1185 (Pa. 1981) and its federal precursor, *Anders v. California*, 386 U.S. 738 (1967), as well as an *Anders* brief on Appellant's behalf.  Upon careful consideration, we grant counsel leave to withdraw and affirm the revocation sentence.

We summarize the facts and procedural history of this case as follows. On May 12, 2011, the Commonwealth charged Appellant with, *inter alia*, aggravated assault, robbery, and possession of an instrument of crime (PIC) after Appellant robbed a convenience store and lacerated the store clerk with

---

*Retired Senior Judge assigned to the Superior Court.

a pair of scissors.  On October 28, 2011, Appellant pled guilty to robbery and PIC and was sentenced to 11½ to 23 months of incarceration, followed by three years of probation.  On October 29, 2013, while on probation for the aforementioned offenses, Appellant was convicted of driving under the influence (DUI).[1]  On November 12, 2013, the trial court held a hearing and revoked Appellant's probation based upon Appellant's new conviction, his failure to complete required rehabilitative treatment, and for absconding from probationary supervision.  The trial court imposed a new sentence of two to four years of imprisonment.  On November 19, 2013, Appellant filed a motion for reconsideration of his sentence.  The trial court denied relief by order dated November 27, 2013.  This timely appeal resulted.[2]

On appeal, counsel filed a purported **Anders** brief in this Court and an accompanying application to withdraw as counsel.  The **Anders** brief presents two potential issues for our review:

> A. Was evidence that [Appellant] was convicted of [DUI] sufficient for revocation?

---

[1] Appellant appealed his judgment of sentence for three counts of DUI in a related appeal at 932 EDA 2014.  In that appeal, this panel affirmed Appellant's DUI convictions.

[2] On December 12, 2013, Appellant filed a notice of appeal.  On December 16, 2013, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).  On January 6, 2014, Appellant's counsel filed a statement of intent to file an **Anders**/**McClendon** brief pursuant to Pa.R.A.P. 1925(c)(4).  Accordingly, on March 12, 2014, the trial court filed an order specifying it would not issue an opinion.

     B. Was the probation revocation sentence illegal or excessive?

Appellant's Brief at 2.

"Initially, we note that we may not address the merits of the issue raised on appeal without first reviewing the request to withdraw." **Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*). Counsel must: 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention. **Id.** (citation omitted).

Herein, counsel's petition to withdraw from representation states that he reviewed the record and concluded that the appeal is frivolous. Additionally, counsel notified Appellant that he was seeking permission to withdraw and furnished Appellant with copies of the petition to withdraw and **Anders** brief, and advised Appellant of his right to retain new counsel or proceed *pro se* to raise any points he believes worthy of this Court's attention.[3] Accordingly, counsel has satisfied the procedural requirements of **Anders**.

---

[3] Appellant has not responded to counsel's petition to withdraw.

Having concluded that counsel has complied with the procedural mandates of **Anders**, we now determine whether counsel's **Anders** brief meets the substantive dictates. In the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. **Id.** Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous. **Id.** (citation omitted).

Instantly, counsel provided the facts and procedural history of the case. Based upon his review, counsel concludes that the evidence of Appellant's underlying DUI convictions were sufficient to support revocation because the trial court may revoke an order of probation and impose a sentence of total confinement if the probationer is convicted of another crime. Here, it is uncontested that Appellant was convicted of DUI while on probation. Appellant's Brief at 6, 9. In addition, this Court affirmed those convictions at 932 EDA 2014. Moreover, counsel concedes that Appellant's sentencing claims are wholly frivolous as the sentencing guidelines do not apply to probation violations and the trial court was only limited by the statutory sentencing maximums available at the time of original sentencing.

*Id.* at 6-7. Here, "[A]ppellant was originally found guilty of robbery, which carries a maximum sentence of twenty [y]ears [of] total confinement." *Id.* at 7. Counsel concludes that Appellant's original maximum sentence of 23 months of incarceration, plus the maximum sentence of four years of imprisonment imposed following revocation falls below the 20-year statutory maximum for robbery and, thus, Appellant's sentence was legal. *Id.* at 10. Based upon the foregoing, we conclude that counsel has complied with the minimum requirements of *Anders.* We now turn to the issues presented on appeal.

With regard to the authority over probation, 42 Pa.C.S.A. § 9771 provides:

### Modification or revocation of order of probation

(a) General rule.--The court may at any time terminate continued supervision or lessen or increase the conditions upon which an order of probation has been imposed.

(b) Revocation.--The court may revoke an order of probation upon proof of the violation of specified conditions of the probation. Upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation.

(c) Limitation on sentence of total confinement.--The court shall not impose a sentence of total confinement upon revocation unless it finds that:

(1) the defendant has been convicted of another crime; or

(2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3) such a sentence is essential to vindicate the authority of the court.

(d) Hearing required.**--**There shall be no revocation or increase of conditions of sentence under this section except after a hearing at which the court shall consider the record of the sentencing proceeding together with evidence of the conduct of the defendant while on probation. Probation may be eliminated or the term decreased without a hearing.

42 Pa.C.S.A. § 9771. As the foregoing statutory language establishes, the trial court retains authority over probation and may revoke probation upon a conviction for a new crime. Here, Appellant was convicted of three new DUI offenses. **See** 932 EDA 2014. Thus, the trial court did not err in revoking probation and imposing a sentence of total confinement. Hence, we conclude Appellant's first issue is frivolous.

Next, we turn to Appellant's claim that his sentence following revocation of probation was illegal or excessive. Initially, we set forth our scope and standard of review. In earlier cases, this Court stated that "[t]he scope of review in an appeal following a sentence imposed after probation revocation is limited to the validity of the revocation proceedings and the legality of the judgment of sentence." **See**, **e.g.**, **Commonwealth v. Infante**, 850 A.2d 696, 697–698 (Pa. Super. 2004). Later, however, we recognized "that this was too narrow of a statement of our scope of review, and that our scope of review permits us to consider challenges to the

- 6 -

discretionary aspects of an appellant's sentence in an appeal following a revocation of probation." ***Commonwealth v. Williams***, 69 A.3d 735, 740 (Pa. Super. 2013) (internal citations omitted); ***see also Cartrette***, ***supra*** (Our scope of review in an appeal from a revocation includes discretionary sentencing challenges).

Pursuant to statute, Appellant does not have an automatic right to appeal the discretionary aspects of his sentence. ***See*** 42 Pa.C.S.A. § 9781(b). Instead, Appellant must petition this Court for permission to appeal the discretionary aspects of his sentence. ***Id.***

As this Court has explained:

> To reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. [708]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 [Pa.C.S.A.] § 9781(b).

***Commonwealth v. Cook***, 941 A.2d 7, 11 (Pa. Super. 2007).

"The determination of whether a particular case raises a substantial question is to be evaluated on a case-by-case basis. Generally, however, in order to establish that there is a substantial question, the appellant must show actions by the sentencing court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process." ***Commonwealth v. Marts***, 889 A.2d 608, 612 (Pa. Super. 2005) (internal

citations omitted). Further, as our Supreme Court has held, the determination of whether a substantial question exists must be done prior to – and be divorced from – the determination of the potential merits of an issue. *Commonwealth v. Tuladziecki*, 522 A.2d 17, 19 (Pa. 1987). If it were otherwise, a challenger would "in effect obtain[] an appeal as of right from the discretionary aspects of a sentence" – a result that would violate statutory law. *Id*.

As stated previously, Appellant filed a timely notice of appeal and preserved his discretionary sentence challenge in a post-sentence motion. Further, Appellant has included a Rule 2119(f) statement in his brief. Appellant's Brief at 6-7. Appellant has not, however, raised a substantial question that his sentence is inappropriate under the Sentencing Code or contrary to the fundamental norms of the sentencing process.

Appellant was sentenced following the revocation of his probation; hence, the sentencing guidelines do not apply to our analysis. 204 Pa.Code § 303.1(b); *Commonwealth v. Ferguson*, 893 A.2d 735, 739 (Pa. Super. 2006). "[W]hen a defendant is found in violation of his probation, upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing []." *Commonwealth v. Schutzues*, 54 A.3d 86, 98-99 (Pa. Super. 2012). Nevertheless, in sentencing Appellant, the trial court was required to "consider the general principles and standards of the Sentencing Code." *Commonwealth v.*

*Russell*, 460 A.2d 316, 322 (Pa. Super. 1983). Section 9721 expresses these general principles in the following manner:

> the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

42 Pa.C.S.A. § 9721(b).

In this case, the trial court originally sentenced Appellant to 11½ to 23 months of imprisonment on Appellant's robbery and PIC convictions. Appellant's original robbery conviction constituted a first-degree felony and was subject to a maximum term of twenty years of imprisonment. *See* 18 Pa.C.S.A. § 1103(1) (statutory maximum term of imprisonment in the case of a felony of the first-degree, shall be fixed by the court at not more than twenty years). Upon revocation, the trial court sentenced Appellant to two to four years of imprisonment. When the original sentence and new sentence are totaled, the sum of imprisonment falls below the statutory maximum for a robbery. Hence, the sentence is legal.

Moreover, the trial court examined the general statutory principles pronounced in Section 9721 before imposing Appellant's new sentence. Appellant's underlying convictions involved the robbery and laceration of the proprietor of a corner store. N.T., 11/12/2013, at 10. The trial court stated that in imposing the original sentence, it examined the statutory sentence maximums but initially imposed a lesser sentence as "an

opportunity and a break to get it right." *Id.* at 13. While the trial court empathized with Appellant's ongoing substance abuse issues, it stated that Appellant's behavior indicated his lack of interest in rehabilitation. *Id.* The trial court noted that in addition to DUI, Appellant absconded from supervision and had tested positive for controlled substances while on probation and concluded that a term of total confinement was apropos. *Id.* Thus, the trial court considered the protection of the public, the gravity of the offense, and the rehabilitative needs of the defendant before imposing its sentence. As such, Appellant's claim does not raise a substantial question that the sentence imposed was inappropriate under the Sentencing Code and we cannot reach the merits of Appellant's second claim.

Further, after an independent review of the entire record, we see nothing that might arguably support this appeal. *See Commonwealth v. Vilsaint*, 893 A.2d 753, 758 n.6 (Pa. Super. 2006) ("The filing of the *Anders* brief triggers the duty of our Court to conduct an independent review of the entire record to make sure counsel has fully represented his client's interest."). The appeal is, therefore, wholly frivolous. Accordingly, we affirm Appellant's judgment of sentence and grant counsel's petition for leave to withdraw appearance.

Petition for leave to withdraw as counsel granted. Judgment of sentence affirmed.

Judge Allen joins this Memorandum. Judge Strassburger files a Concurring Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/17/2015