J-S36010-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RICHARD ALLEN KUHN JR. | : | |
| | : | |
| Appellant | : | No. 1802 WDA 2019 |

Appeal from the Judgment of Sentence Entered September 27, 2019
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s): CP-33-CR-0000262-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RICHARD ALLEN KUHN JR. | : | |
| | : | |
| Appellant | : | No. 1803 WDA 2019 |

Appeal from the Judgment of Sentence Entered September 27, 2019
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s): CP-33-CR-0000608-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RICHARD ALLEN KUHN, JR. | : | |
| | : | |
| Appellant | : | No. 1804 WDA 2019 |

Appeal from the Judgment of Sentence Entered September 27, 2019
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s): CP-33-CR-0000152-2019

BEFORE:   OLSON, J., KING, J., and PELLEGRINI, J.*

MEMORANDUM BY OLSON, J.:                     FILED AUGUST 14, 2020

Appellant, Richard Allen Kuhn, Jr., appeals from the judgment of sentence entered on October 1, 2019, imposing an aggregate sentence of two to four years of imprisonment, following the revocation of his probation and resentencing after conviction of a new crime.   On this direct appeal, Appellant's court-appointed counsel has filed both a petition for leave to withdraw as counsel and an accompanying brief pursuant to Anders v. California, 386 U.S. 738 (1967) and Commonwealth v. Santiago, 978 A.2d 349 (Pa. 2009). We conclude that Appellant's counsel has complied with the procedural requirements necessary to withdraw.   Moreover, after independently reviewing the record, we conclude that the instant appeal is wholly frivolous.  We, therefore, grant counsel's petition for leave to withdraw and affirm the revocation sentence.

We briefly summarize the facts and procedural history of this case as follows.   On September 19, 2018, at docket number CP-33-CR-262-2018, Appellant pled guilty to possession of drug paraphernalia[1] and the trial court sentenced him to one year of probation.   On December 19, 2018, Appellant admitted to a probation violation and received a new sentence on another

_____

* Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. §780-113(a)(32).

case, but Appellant's term of probation at docket number CP-33-CR-262-2018 remained intact. On April 3, 2019, at docket number CP-33-CR-608-2018, Appellant pled guilty to one count of criminal mischief[2] and the trial court sentenced him to one year of probation. On May 1, 2019, Appellant, at docket number CP-33-CR-0000152-2019, pled guilty to one count of escape[3] and the trial court sentenced him to two years of probation, consecutive to the probation imposed at docket number CP-33-CR-608-2018. Thereafter, a magistrate convicted Appellant of a summary traffic offense. On September 27, 2019, after a revocation of probation hearing and taking judicial notice of the summary offense conviction, the trial court revoked Appellant's probation for the crimes at all three of the aforementioned docket numbers. The trial court resentenced Appellant to serve an aggregate sentence of two to four years of imprisonment. This timely appeal resulted.[4]

_____

[2] 18 Pa.C.S.A. §3304(a)(5).

[3] 18 Pa.C.S.A. § §5121(a).

[4] On October 31, 2019, Appellant filed a nunc pro tunc motion for reconsideration of his sentence. By order entered on October 31, 2019, the trial court accepted the filing nunc pro tunc, but denied reconsideration. On December 2, 2019, Appellant filed three separate notices of appeal at each of the three docket numbers. Because the last day for filing a notice of appeal fell on a Saturday, Appellant's filings were timely. See Pa.R.A.P. 903 ("[N]otice of appeal [] shall be filed within 30 days after the entry of the order from which the appeal is taken."); see also 1 Pa.C.S.A. § 1908 ("Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation."). On December 6, 2019, the trial court ordered Appellant to file concise statements of errors

On appeal, counsel filed a purported Anders brief in this Court and an accompanying application to withdraw as counsel. The Anders brief raises a single claim:

> Whether the [t]rial [c]ourt committed an abuse of discretion when it revoked Appellant's probation and re-sentenced him to sentences aggregating to a minimum of two (2) years to a maximum of four (4) years in a state correctional institution given the circumstances of the case.

Anders Brief at 4.

Before reviewing the merits of this appeal, this Court must first determine whether appointed counsel has fulfilled the necessary procedural requirements for withdrawing as counsel. Commonwealth v. Miller, 715 A.2d 1203, 1207 (Pa. Super. 1998).

---

complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on January 8, 2020. On January 2, 2020, this Court entered an order sua sponte consolidating the three cases for appeal in accordance with Pa.R.A.P. 513.

Our review has revealed that counsel for Appellant failed to attach a copy of the concise statement to the Anders brief as required by our appellate rules. See Pa.R.A.P. 2111(d). Nevertheless, for the following reasons, we shall refrain from taking any action other than reminding counsel of the obligation set forth in Rule 2111(d). Counsel's omission is not a jurisdictional defect and the appellate rules give this Court discretion to forgo corrective action where briefing defects are insubstantial. See Pa.R.A.P. 2101. In addition, our examination of the certified record confirms that counsel filed the concise statement in accordance with the trial court's order. Counsel's omission has not hampered our review and the Commonwealth has not objected to the defect. Moreover, as counsel has filed an Anders brief and requested leave to withdraw, we have an independent obligation to review all appellate submission to ascertain whether any non-frivolous issues are present. Under these circumstances, we do not find further corrective action to be needed.

To withdraw under Anders, court-appointed counsel must satisfy certain technical requirements. First, counsel must "petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous." Miller, 715 A.2d at 1207. Second, counsel must file an Anders brief, in which counsel:

> (1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) state[s] counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

Santiago, 978 A.2d at 361. Finally, counsel must furnish a copy of the Anders brief to his or her client and advise the client "of [the client's] right to retain new counsel, proceed pro se or raise any additional points worthy of this Court's attention." Commonwealth v. Woods, 939 A.2d 896, 898 (Pa. Super. 2007).

If counsel meets all of the above obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." Santiago, 978 A.2d at 355 n.5; see also Commonwealth v. Yorgey, 188 A.3d 1190, 1197 (Pa. Super. 2018) (en banc) (holding that the Anders procedure requires this Court to review "the entire record with consideration first of the issues raised by counsel. … [T]his

review does not require this Court to act as counsel or otherwise advocate on behalf of a party. Rather, it requires us only to conduct a review of the record to ascertain if[,] on its face, there are non-frivolous issues that counsel, intentionally or not, missed or misstated. We need not analyze those issues of arguable merit; just identify them, deny the motion to withdraw, and order counsel to analyze them."). It is only when all of the procedural and substantive requirements are satisfied that counsel will be permitted to withdraw.

In the case at bar, counsel complied with all of the above procedural obligations. Appellant has not responded. We must, therefore, review the entire record and analyze whether this appeal is, in fact, wholly frivolous. Our review begins with the claim Appellant raises in his brief.

Appellant challenges the discretionary aspects of his sentence. Anders Brief at 9. "Appellant acknowledges that[,] because he had a probation violation consisting of a conviction for a new charge, [] some incarceration was appropriate." Id. at 10. Appellant maintains that his aggregate "sentence was manifestly unreasonable in that it was excessive and constituted too severe of a punishment under the circumstances of the case [and the] reason for the sentence did not justify the severity." Id. at 7. He posits:

> Appellant's original sentences in all three (3) cases were for probation. They were all for nonviolent offenses. Appellant avers that the sentence recommended by Jefferson County Adult Probation for the State Intermediate Punishment program, a

two-year [] program, would have more than adequately addressed the directives of the Sentencing Code.

Id. at 10.

Initially, we set forth our scope and standard of review. In earlier cases, this Court stated that "[t]he scope of review in an appeal following a sentence imposed after probation revocation is limited to the validity of the revocation proceedings and the legality of the judgment of sentence." See, e.g., Commonwealth v. Infante, 850 A.2d 696, 697–698 (Pa. Super. 2004). Later, however, we recognized "that this was too narrow of a statement of our scope of review, and that our scope of review permits us to consider challenges to the discretionary aspects of an appellant's sentence in an appeal following a revocation of probation." Commonwealth v. Williams, 69 A.3d 735, 740 (Pa. Super. 2013) (internal citations omitted).

Pursuant to statute, Appellant does not have an automatic right to appeal the discretionary aspects of his sentence. See 42 Pa.C.S.A. § 9781(b). Instead, Appellant must petition this Court for permission to appeal the discretionary aspects of his sentence. Id.

As this Court has explained:

> To reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. [708]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 [Pa.C.S.A.] § 9781(b).

Commonwealth v. Cook, 941 A.2d 7, 11 (Pa. Super. 2007).

"The determination of whether a particular case raises a substantial question is to be evaluated on a case-by-case basis. Generally, however, in order to establish that there is a substantial question, the appellant must show actions by the sentencing court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process." Commonwealth v. Marts, 889 A.2d 608, 612 (Pa. Super. 2005) (internal citations omitted). Further, as our Supreme Court has held, the determination of whether a substantial question exists must be done prior to—and be divorced from—the determination of the potential merits of an issue. Commonwealth v. Tuladziecki, 522 A.2d 17, 19 (Pa. 1987). If it were otherwise, a challenger would "in effect obtain [ ] an appeal as of right from the discretionary aspects of a sentence"—a result that would violate statutory law. Id.

As stated previously, Appellant filed timely notices of appeal and preserved his discretionary sentence challenge in post-sentence motions. Further, Appellant has included a Rule 2119(f) statement in his brief. Appellant's Brief at 7. Appellant has not, however, raised a substantial question that his sentence is inappropriate under the Sentencing Code or contrary to the fundamental norms of the sentencing process.

The trial court sentenced Appellant following the revocation of his probation; hence, the sentencing guidelines do not apply to our analysis. 204 Pa.Code § 303.1(b); Commonwealth v. Ferguson, 893 A.2d 735, 739 (Pa.

Super. 2006). "[W]hen a defendant is found in violation of his probation, upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing [ ]." Commonwealth v. Schutzues, 54 A.3d 86, 98–99 (Pa. Super. 2012). Nevertheless, in sentencing Appellant, the trial court was required to "consider the general principles and standards of the Sentencing Code." Commonwealth v. Russell, 460 A.2d 316, 322 (Pa. Super. 1983). Section 9721 expresses these general principles in the following manner:

> the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

42 Pa.C.S.A. § 9721(b). "Our Supreme Court has determined that where the trial court is informed by a presentence investigation report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." Commonwealth v. Edwards, 194 A.3d 625, 637 (Pa. Super. 2018) (citation omitted). "The sentencing judge can satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the presentence investigation report; thus properly considering and weighing all relevant factors." Id. (citation omitted).

In this case, prior to resentencing, the trial court stated on the record that it had reviewed Appellant's presentence investigation report. N.T.,

10/27/2019, at 3. Thus, we presume the trial court weighed all of the appropriate sentencing factors. Furthermore, the trial court noted Appellant's ongoing substance abuse issues, but opined that Appellant had not rectified them. Id. at 4. The trial court believed incarceration was appropriate so that Appellant could avail himself of prison treatment programs. Id. Moreover, the trial court determined that Appellant was "impossible to manage on county probation" and that a term of confinement was necessary "to vindicate the authority of the [c]ourt." Id. at 4. Finally, the trial court described Appellant as "the most incorrigible character" by using "a sweet voice" while in court, but that once released on probation Appellant "[does not] care." Id. at 5. Upon review, we conclude that the trial court properly considered the general principles and standards of the Sentencing Code before imposing its sentence. As such, Appellant's claim does not raise a substantial question that the sentence imposed was inappropriate under the Sentencing Code and we cannot reach the merits of Appellant's claim.

Further, after an independent review of the entire record, we see nothing that might arguably support this appeal. See Commonwealth v. Vilsaint, 893 A.2d 753, 758 n.6 (Pa. Super. 2006) ("The filing of the Anders brief triggers the duty of our Court to conduct an independent review of the entire record to make sure counsel has fully represented his client's interest."). The appeal is, therefore, wholly frivolous. Accordingly, we affirm Appellant's judgment of sentence and grant counsel's petition for leave to withdraw appearance.

Petition for leave to withdraw as counsel granted.  Judgment of sentence affirmed.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  8/14/2020