NOT DESIGNATED FOR PUBLICATION

No. 126,477

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DAVID VOGT,
*Appellee,*

v.

KANSAS DEPARTMENT OF REVENUE,
*Appellant.*


MEMORANDUM OPINION

Appeal from Johnson District Court; RHONDA K. MASON, judge. Submitted without oral argument. Opinion on remand filed January 2, 2026. Affirmed.

*Charles P. Bradley*, of Legal Services Bureau, Kansas Department of Revenue, for appellant.

*Adam D. Stolte*, of Stolte Law, LLC, of Overland Park, for appellee.


Before HURST, P.J., ISHERWOOD and PICKERING, JJ.


PER CURIAM: Kansas law requires a person's commercial driver's license (CDL) to be suspended when a person is convicted of driving under the influence (DUI). The Kansas Department of Revenue (KDOR) suspended David Vogt's CDL after Vogt entered a diversion agreement to resolve a DUI charge. The district court reversed the suspension, finding that Vogt was not convicted as that term is defined in the relevant statute. The question in this appeal is whether a diversion agreement amounts to a conviction that would require suspension of Vogt's CDL. Finding that a diversion agreement is not a conviction as that term is defined by Kansas law, we affirm the district court's decision reversing the suspension.

1

FACTUAL AND PROCEDURAL BACKGROUND

Vogt was charged with DUI. He later entered a diversion agreement with the City of Olathe in lieu of further criminal proceedings. The City of Olathe reported the diversion agreement to the KDOR. The KDOR then suspended Vogt's CDL under K.S.A. 8-2,142(a)(2)(A), which requires suspension of a CDL when a person is convicted of violating Kansas' DUI statute or any city ordinance prohibiting the same conduct.

Vogt appealed to the district court, which held that the suspension was improper. The court reasoned that a diversion agreement did not meet the statutory definition of "conviction" in K.S.A. 8-2,128(h) and, thus, Vogt's license could not be suspended under K.S.A. 8-2,142(a)(2)(A).

On appeal, this court determined that the district court lacked subject matter jurisdiction to reverse the KDOR's decision because K.S.A. 8-259 expressly excludes CDL suspensions arising under K.S.A. 8-2,142(a)(2)(A) from judicial review. *Vogt v. Kansas Dept. of Revenue*, No. 126,477, 2024 WL 5230265, at *3 (Kan. App. 2024), *rev'd* 321 Kan. ___, 577 P.3d 1102 (2025).

The Kansas Supreme Court granted Vogt's petition for review. It held that the question of jurisdiction was "so intertwined with the merits of the appeal that judicial review of the [KDOR]'s statutory interpretation is essential before a court can conclude that it lacks jurisdiction." *Vogt*, 577 P.3d at 1104. Accordingly, the court remanded the appeal to us with directions to consider the merits of the appeal. Specifically, we are to consider whether Vogt's diversion agreement amounted to a conviction, as defined by K.S.A. 8-2,128(h), that required mandatory suspension of his CDL under K.S.A. 8-2,142(a)(2)(A). 577 P.3d at 1104. We turn now to that question.

2

Vogt sought review of the KDOR's decision pursuant to the Kansas Judicial Review Act (KJRA), K.S.A. 77-601 et seq. The KJRA defines the scope of judicial review for appeals from state administrative agency decisions. *Golden Rule Ins. Co. v. Tomlinson*, 300 Kan. 944, 953, 335 P.3d 1178 (2014). Vogt, as the party challenging the KDOR's action, bears the burden of proving the invalidity of the agency action. K.S.A. 77-621(a)(1).

An appellate court can only grant relief if one of the eight circumstances enumerated in K.S.A. 77-621(c) is established. Vogt does not specify which statutory provision affords him relief. However, his argument that the KDOR erred in interpreting the statute governing administrative suspensions of CDLs clearly falls under K.S.A. 77-621(c)(4)—"the agency has erroneously interpreted or applied the law." See *Golden Rule Ins. Co.*, 300 Kan. at 953-54 (inferring which statutorily enumerated basis for judicial relief applied when appellant failed to specify).

We exercise unlimited review over questions of statutory interpretation. 300 Kan. at 955.

> "The most fundamental rule of statutory interpretation is that the intent of the Legislature governs if that intent can be ascertained. In ascertaining this intent, we begin with the plain language of the statute, giving common words their ordinary meaning. When a statute is plain and unambiguous, an appellate court should not speculate about the legislative intent behind that clear language, and it should refrain from reading something into the statute that is not readily found in its words. But if a statute's language is ambiguous, we will consult our canons of construction to resolve the ambiguity. [Citations omitted.]" *Johnson v. U.S. Food Service*, 312 Kan. 597, 600-01, 478 P.3d 776 (2021).

The KDOR suspended Vogt's license pursuant to the Kansas Uniform Commercial Driver's License Act (UCDLA), K.S.A. 8-2,125 et seq. Two provisions of the UCDLA are relevant. First, K.S.A. 8-2,142(a)(2)(A) requires suspension of a CDL following a DUI conviction. It provides:

> "(a) A person is disqualified from driving a commercial motor vehicle for a period of not less than one year upon a first occurrence of any one of the following:
>
> . . . .
>
> (2) while operating a noncommercial motor vehicle:
>
> (A) The person is convicted of a violation of K.S.A. 8-1567 [DUI], and amendments thereto, or of a violation of an ordinance of any city in this state, a resolution of any county in this state or any law of another state, which ordinance or law declares to be unlawful the acts prohibited by that statute." K.S.A. 8-2,142(a)(2)(A).

Second, K.S.A. 8-2,128(h) defines "conviction" as

> "an unvacated adjudication of guilt or a determination that a person has violated or failed to comply with the law and in a court of original jurisdiction or an administrative proceeding, an unvacated forfeiture of bail or collateral deposited to secure the person's appearance in court, a plea of guilty or nolo contendere accepted by the court, the payment of a fine or court cost, or violation of a condition of release without bail, regardless of whether the penalty is rebated, suspended or probated."

This case presents a narrow question of statutory interpretation: Does a diversion agreement satisfy the definition of "conviction" in K.S.A. 8-2,128(h)? The district court held that the statute contained two requirements. In the journal entry on a motion to amend or for clarification, the court explained that "[u]nder the statute, a person must have an unvacated adjudication of guilt or a determination that they have violated or failed to comply with the law **and** in a court of jurisdiction or administrative proceeding have one of the listed events." The court placed great emphasis on the inclusion and placement of the word "and" in the statute. Because the diversion agreement did not

4

satisfy the first requirement, the court reasoned, the KDOR could not suspend Vogt's CDL.

The KDOR acknowledges that a diversion agreement for DUI avoids an adjudication of guilt. See, e.g., K.S.A. 12-4413(c) ("'Diversion' means referral of a defendant in a criminal case charging an alcohol related offense to a supervised performance program prior to adjudication."); *Petty v. City of El Dorado*, 270 Kan. 847, Syl. ¶ 2, 19 P.3d 167 (2001) ("Municipal court diversion in a criminal case charging an alcohol-related offense is the referral of a defendant to a supervised performance program prior to adjudication. A diversion agreement is the specification of formal terms and conditions which a defendant must fulfill in order to have the charges against such person dismissed. Diversion is, therefore, a means to avoid a judgment of criminal guilt."). But, the KDOR argues that the statute does not require it to prove that a person has an adjudication of guilt. Rather, it need only to prove that Vogt paid a fine or court cost as part of his diversion agreement to establish that Vogt had a conviction as defined by K.S.A. 8-2,128(h).

The KDOR contends that the inclusion of the word "and" in K.S.A. 8-2,128(h) is inexplicable. Adopting the district court's interpretation of the statute, the KDOR warns, "creates interpretations that simply cannot be logical or pragmatic." The KDOR notes that both federal regulations and Kansas law prohibit CDL holders from entering diversion agreements if doing so would prevent the CDL holder from being convicted of a DUI. See 49 C.F.R. § 384.226 (2025); K.S.A. 8-2,150. By interpreting the statute in a manner in which diversion agreements are not convictions, the KDOR argues, the district court ran afoul of these other laws.

The KDOR also notes that Kansas' definition of "conviction" is almost identical to the definition of "conviction" found in federal regulations governing CDL standards—the

only difference is that the federal regulation does not use the word "and" as it is used in K.S.A. 8-2,128(h). The federal regulation provides:

> "Conviction means an unvacated adjudication of guilt, or a determination that a person has violated or failed to comply with the law in a court of original jurisdiction or by an authorized administrative tribunal, an unvacated forfeiture of bail or collateral deposited to secure the person's appearance in court, a plea of guilty or nolo contendere accepted by the court, the payment of a fine or court cost, or violation of a condition of release without bail, regardless of whether or not the penalty is rebated, suspended, or probated." 49 C.F.R. § 383.5 (2025).

Under the federal regulation, the definition of conviction can be satisfied by showing that there has been "an unvacated adjudication of guilt, or a determination that a person has violated or failed to comply with the law in a court of original jurisdiction or by an authorized administrative tribunal," or a conviction could be shown by demonstrating one of the other four things described in the regulation. The KDOR urges us to find that K.S.A. 8-2,128(h) was intended to mirror federal regulations and should be interpreted consistently with federal regulations. The KDOR cites a number of nonbinding resources, including the National District Attorneys Association Guide, caselaw from other states, federal legislative history, and a Kansas Attorney General opinion, supporting its proposed interpretation of K.S.A. 8-2,128(h).

We find that the plain language of K.S.A. 8-2,128(h) requires both "an unvacated adjudication of guilt, or a determination that a person has violated or failed to comply with the law" *and* one of the events enumerated in the remainder of the definition, such as payment of a fine or court cost.

Statutory interpretation begins with the plain meaning of the statute, and Kansas' statute is not identical to the federal regulation. We cannot write the word "and" out of the statute to avoid the results of which the KDOR warns. The "[r]ules of statutory

6

construction, including the rule about avoiding unreasonable or absurd results, apply only when 'the language of the statute is unclear or ambiguous.'" *State v. Ervin*, 320 Kan. 287, 310, 566 P.3d 481 (2025); see also *State v. Gary*, 34 Kan. App. 2d 599, 602, 121 P.3d 1000 (2005) ("[T]he undesirability of a result does not allow us to craft language onto a statute that is not already there. If the result requires a remedy, the legislature and not the courts must provide it."), *aff'd* 282 Kan. 232, 144 P.3d 634 (2006). Even if the inclusion of the word "and" was a mistake, "courts do not have the liberty to enact their view of wise public policy or to correct inadvertent mistakes made by the legislature." *In re T.N.Y.*, 51 Kan. App. 2d 956, Syl. ¶ 4, 360 P.3d 433 (2015). The Kansas Supreme Court has explained:

> "'Errors plainly clerical in character, mere inadvertences of terminology, and other similar inaccuracies or deficiencies will be disregarded or corrected where the intention of the legislature is plain and unmistakable. But the court cannot delete vital provisions or supply vital omissions in a statute. No matter what the legislature may have really intended to do, *if it did not in fact do it, under any reasonable interpretation of the language used,* the defect is one which the legislature alone can correct.' [Citation omitted.]" *Kenyon v. Kansas Power & Light Co.*, 254 Kan. 287, 292-93, 864 P.2d 1161 (1993).

For these reasons, we find that the district court did not err in interpreting K.S.A. 8-2,128(h) as requiring the KDOR to prove that Vogt had "an unvacated adjudication of guilt or a determination that he violated or failed to comply with the law," and in determining that it had not done so in this instance. The district court's ruling that the suspension was therefore invalid is correct.

Affirmed.

7